IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RON SCHILLING,

    Plaintiff,

v.

WILLIAM KELLEY, M.D., ET AL.,

    Defendants.

ORDER

Case No. 23-cv-331-wmc

    Plaintiff Ron Schilling, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has also filed a motion to use release account funds to pay the entire fee for filing this case. Dkt. 5. However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account. Therefore, plaintiff cannot use the release account funds to pay the entire balance of the $402 filing fee.

    For this case to proceed, plaintiff must pay the $402 filing fee[1] or submit a properly supported motion for leave to proceed without prepayment of the filing fee no later than June 12, 2023.

    A motion for leave to proceed without prepayment of the filing fee must be accompanied by a certified copy of plaintiff's inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the date of the complaint. 28 U.S.C. § 1915(a)(2). If I find that plaintiff is indigent, I will calculate an initial partial payment amount that must be paid before the court can screen the merits of

---

[1] Effective December 1, 2020, the total fee for filing a civil action is $402 (the $350 statutory fee plus the $52 miscellaneous administrative fee).

1

the complaint under 28 U.S.C. § 1915(e)(2). Thereafter, plaintiff will be required to pay the balance of the filing fee in installments.

## ORDER

IT IS ORDERED that,

1. Plaintiff Ron Schilling's motion for use of release account funds to pay the entire filing fee in this case is DENIED.

2. Plaintiff may have until June 12, 2023 to submit either the $402 filing fee or a motion for leave to proceed without prepayment and a trust fund account statement for the period beginning approximately November 17, 2022 and ending approximately May 17, 2023.

3. If, by June 12, 2023, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 22nd day of May, 2023.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge