IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RON SCHILLING,

                Plaintiff,                  OPINION AND ORDER

   v.
                                                        23-cv-331-wmc

WILLIAM KELLEY, MD, WILLIAM MCCREEDY,
JOHN DOE HISPANIC DOC EMPLOYEE, OFFICER P. VANDER WAAL,
OFFICER Z. SCHROEDER, GEORGE A. CARBERRY, MD,
NURSE WEIS, and JOHN DOE DODGE CORRECTIONAL INSTITUTION OFFICERS,

                Defendants.

---

Ron Schilling, a state prisoner at Kettle Moraine Correctional Institution ("Kettle Moraine") who is representing himself, was granted leave to proceed on Eighth Amendment deliberate indifference claims against Dr. William Kelley, William McCreedy, "John Doe Hispanic DOC Employee," Corrections Officers Vander Waal and Z. Schroeder, Dr. George Carberry, Nurse Weis, and "John Doe Dodge Correctional Institution Officers." (Dkt. #27.) Defendant Carberry moves to transfer this case to the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391, 1404(a), and 1406(a), where all of the defendants are located and most of the events giving rise to the complaint occurred. (Dkt. #41.) Defendants Weis, Kelley, McCreedy, Vander Waal, and Schroeder have filed responses stating that they do not oppose defendant Carberry's motion. Plaintiff opposes the motion.[1] For the reasons explained below, the court will grant Carberry's motion to transfer.

---

[1] Plaintiff filed a supplement to his brief in opposition (dkt. #47) without this court's permission, which Carberry moves to strike. (Dkt. #48.) The court will deny Carberry's motion to strike and consider the supplement.

OPINION

I. Motion to Transfer (dkt. #41)

District courts have the discretion under 28 U.S.C. § 1404(a) to transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice.  A district court may also transfer a case in the interest of justice to another, proper venue under 28 U.S.C. § 1406(a).

First, venue would have been proper in the Eastern District of Wisconsin.  *See* 28 U.S.C. § 1391(b)(2) (venue is proper where a substantial part of events giving rise to a lawsuit occurred).  "The test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district."  *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998); *see State Auto Ins. Cos. v. Whirlpool Corp.*, 62 F. Supp. 3d 857, 866 (W.D. Wis. 2014) (describing the test as "more of a qualitative, rather than quantitative inquiry").  One of plaintiff's claims is that "DOC Hispanic John Doe," who is employed at Dodge Correctional Institution ("DCI") in Waupun, antagonized him and confiscated his "coughing pillow" while he was recovering from open-heart surgery at University of Wisconsin Hospital in Madison, which is in the Western District of Wisconsin.  However, the most significant events underlying plaintiff's other claims occurred in the Eastern District.  Those claims include: (1) a medical procedure performed without his informed consent at Agnesian Clinic in Fond Du Lac, Wisconsin; (2) improper follow-up care at Kettle Moraine in Plymouth, Wisconsin; and (3) improper follow-up care at DCI in Waupun.

The second, closer question is whether transfer to the Eastern District is more convenient. The convenience inquiry generally focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum" as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). While plaintiff's choice of forum generally receives substantial deference, especially if it is his home forum, his choice carries less weight if the underlying events occurred in another forum. *See Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Almond v. Pollard*, No. 09-cv-335-bbc, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). Here, plaintiff chose to proceed in the Western District of Wisconsin, and he is now incarcerated at Oakhill Hill Correctional Institution, which is also in the Western District, but as explained above, a substantial portion of the events central to this action occurred in the Eastern District of Wisconsin. Thus, plaintiff's choice of forum is not determinative.

Although the Western District of Wisconsin is likely more convenient for plaintiff now that he has is housed at Oakhill, the Eastern District is almost certainly more convenient for the defendants since most, if not all of them, work in that district.[2] The convenience to witnesses also favors the Eastern District, since any fact witnesses would almost certainly be located there. While plaintiff suggests that any expert witnesses would likely be located in Madison, "the § 1404 calculus is generally less concerned about the burden that appearing at trial might impose on witnesses who are either employees of

---

[2] While plaintiff asserts that "virtually all of the DOC defendants are from the Department of Corrections Headquarters," which is in Madison (Pl. Br. (dkt. #45) 2), his own allegations reflect that they worked at Kettle Moraine or DCI, both of which are in the Eastern District.

3

parties or paid experts because it is presumed that such witnesses will appear voluntarily." *Stoyas v. Bd. of Trs. of N. Illinois Univ.*, No. 21 C 6190, 2021 WL 5564859, at *2 (N.D. Ill. Nov. 29, 2021) (quotation marks omitted). Thus, although the convenience factor slightly favors Carberry, he has not shown that the Eastern District is the "clearly more convenient" forum. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

Even so, the interest of justice weighs in favor a transfer. This inquiry "relates to the efficient administration of the court system," focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. While this court and the Eastern District are equally equipped to address the substance of plaintiff's claims, the community in the Eastern District has a greater interest in resolving matters involving Kettle Moraine, DCI, and Agnesian Clinic. Transfer of this case to the Eastern District of Wisconsin is therefore warranted under § 1404(a).

**II. Motion for Sanctions**

Plaintiff also moves for sanctions against Carberry's counsel for sending his reply brief to Oakhill Correctional Institution without specifying that plaintiff was the intended recipient. (Dkt. #49.) In support, plaintiff attaches an envelope that was addressed to Oakhill Correctional Institution without including plaintiff's name. (Dkt. #49-1.) Plaintiff asks the court to strike Carberry's reply brief and impose sanctions on his counsel. Although counsel likely should have indicated that the mail was addressed to plaintiff on

4

the envelope, the court will not impose sanctions, particularly when the mail apparently reached plaintiff at Oakhill, despite what he describes as "considerable consternation."

ORDER

IT IS ORDERED that:

1) Defendant George Carberry's motion to transfer (dkt. #41) is GRANTED.

2) This case is TRANSFERRED to the Eastern District of Wisconsin.

3) Carberry's motion to strike (dkt. #48) is DENIED.

4) Plaintiff Ron Schilling's motion for sanctions (dkt. #49) is DENIED.

Entered this 4th day of November, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge